# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT
# IN ADMIRALTY

## Case No.: 21-1562

GREAT LAKES INSURANCE SE.,

Appellee/Plaintiff,

v.

RAIDERS RETREAT REALTY, LLC,

Appellant/Defendant.

On appeal from the United States District Court,
Eastern District of Pennsylvania

District Court Case No.: 2:19-cv-04466-ER

## GREAT LAKES INSURANCE SE'S RESPONSE TO COURT'S ORDER FOR BRIEF'S ADDRESSING JURISDICTION OVER INTERLOCUTORY APPEAL

Counsel for Appellee:

MICHAEL I. GOLDMAN, ESQ.
Goldman & Hellman
233 Harvard Street
Suite 211
Brookline, MA 02446
Cel (617)671-8675
Fax (617)566-4292
Em michael@goldmanandhellman.com
MA Bar No. 677362

GEORGE R. ZACHARKOW, ESQ.
Deasey, Mahoney & Valentini, Ltd.
1601 Market Street
Suite 3400
Philadelphia, PA 19103
Tel (215) 587-9400
Fax (215) 587-9456
Em Zacharkow@DMVLawFirm.com
PA Bar No. 32816

**Great Lakes Insurance SE v. Raiders Retreat Realty, LLC**
**DOCKET NO. 21-1562**

**STATEMENT REGARDING ORAL ARGUMENT**

Plaintiff/Appellee Great Lakes Insurance SE respectfully requests that this Court grant oral argument to afford the parties the opportunity to respond to any inquiries from the Court regarding the pertinent facts and/or the application of the relevant legal authorities.

# **Great Lakes Insurance SE v. Raiders Retreat Realty, LLC**
# **DOCKET NO. 21-1562**

## **TABLE OF CONTENTS**

**Page**

STATEMENT REGARDING ORAL ARGUMENT ........................................... 2

TABLE OF CONTENTS ................................................................................ 3

TABLE OF CITATIONS ................................................................................ 4

STATEMENT OF THE ISSUES ...................................................................... 5

ARGUMENT AND CITATIONS TO AUTHORITY .......................................... 8

CERTIFICATE OF SERVICE ........................................................................ 11

**Great Lakes Insurance SE v. Raiders Retreat Realty, LLC**
**DOCKET NO. 21-1562**

## TABLE OF CITATIONS

**Statutes**                                                                 **Page**

28 U.S.C. § 1292(a)(3)........................................................................... 5

28 U.S.C. § 1333 .................................................................................... 5

42 Pa.C.S.A. §8371 ................................................................................ 7

73 P.S. §201-1 ........................................................................................ 7

**Federal Rules of Civil Procedure**

Fed.R.Civ.P. 9(h) ................................................................................... 2

Fed.R.Civ.P. 12(b)(6).......................................................................... 10

Fed.R.Civ.P. 12(c)............................................................................8-10

**Cases**

*AGF Marine Aviation & Transport v. Cassin*
544 F.3d 255; 2008 A.M.C. 2300 (3d Cir.2008) ................................... 7

*Chan v. Society Expeditions, Inc.*
123 F.3d 1287 (9th Cir.1997) ................................................................ 9

*Gebhart v. Steffen*
574 Fed.Appx. 156, 158 (3d Cir.2014)................................................. 8

*In re McAllister Towing and Transp. Co., Inc.*
432 F.3d 216, 2006 A.M.C. 45 (3d Cir.2005) ...................................... 9

*Muth v. Woodring*
755 Fed.Appx. 109, 112 (3d Cir.2018)................................................. 8

*Nunley v. M/V Dauntless Colocotronis*
696 F.2d 1141 (5th Cir.1983) ............................................................... 8

**Great Lakes Insurance SE v. Raiders Retreat Realty, LLC**
**DOCKET NO. 21-1562**

## STATEMENT OF THE ISSUES

As stated in this Court's order of March 25, 2021, this Court raised on its own initiative the question as to whether this Court may exercise jurisdiction over an appeal from an interlocutory order of the District Court dismissing the Pennsylvania state law claims of Defendant/Appellant RAIDERS RETREAT REALTY, LLC based on the valid and enforceable choice of law clause which is part of the disputed policy of marine insurance. As detailed herein, this Court may exercise jurisdiction over an appeal from the District Court's non-final order because an order dismissing a cause of action "determine[es] the rights and liabilities of the parties" within the meaning of 28 U.S.C. §1292(a)(3).

## STATEMENT OF THE CASE

The jurisdictional question presently before this Court arises out of a policy of marine insurance, Policy No. CSRYP/171163, issued to Defendant/Appellant Raiders Retreat Realty Co., LLC (hereinafter "RAIDERS") and affording $550,000.00 in first-party property damage coverage for the vessel identified on the declarations page. ECF No. 1, p. 67. On or about June 7, 2019, during the period of coverage afforded by Policy No. CSRYP/171163 (hereinafter "the Policy"), the vessel insured thereunder ran aground. ECF No. 1, p. 5. Following submission of the claim to Plaintiff/Appellee Great Lakes Insurance SE

(hereinafter "GLI"), a full investigation was undertaken into the causes and circumstances of the loss. Based on the facts established by that investigation, GLI determined that the Policy afforded no coverage for the loss due to the breach by RAIDERS of an express warranty pertaining to the certification and tagging of firefighting equipment aboard the vessel. ECF No. 56. Irrefutable photographic evidence demonstrates that certification tags on the two of the vessel's fire extinguishers and on the vessel's Halon 1301 system were all expired since 2015. ECF No. 56-1, pp. 32-40. GLI determined that these expired certification tags constituted a breach of the Policy's express warranty that "all such equipment is properly installed and is maintained in good working order. This includes the weighing of tanks once a year, certification/tagging and recharging as necessary." *Id*. Therefore, Plaintiff Great Lakes Insurance SE filed the present declaratory judgment action for the purpose of obtaining a judgment from the district court affirming that coverage determination. ECF No. 1.

The declaratory judgment action filed by Plaintiff Great Lakes Insurance SE properly invoked the admiralty jurisdiction of the federal court under 28 U.S.C. §1333 and Fed. R. Civ. P. 9(h). ECF No. 1, p. 2. The admiralty jurisdiction of the federal courts extends to policies of marine insurance, like the present one, which cover pleasure craft. *Acadia Ins. Co. v. McNeil*, 116 F.3d 599, 602; 1997 A.M.C. 2409 (1st Cir.1997), *Sirius Ins. Co. (UK) Ltd. v. Collins*, 16 F.3d 34, 36; 1994

A.M.C. 1683 (2d Cir.1994), *Windsor Mount Joy Mut. Ins. Co. v. Johnson*, 264 F.Supp.2d 158, 159; 2003 A.M.C. 2174 (D.N.J.2003), *North American Specialty Ins. Co. v. Bader*, 58 F.Supp.2d 493, 497 (D.N.J.1999), *Martino v. New Hampshire Ins. Co.*, 1990 WL 67223, p. 1 (E.D.Pa.1990).

The Policy contained the following choice of law clause:

> It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

ECF No. 56-1, p. 17. This exact choice of law clause has already been held valid and enforceable by this Court. *AGF Marine Aviation & Transport v. Cassin*, 544 F.3d 255; 2008 A.M.C. 2300 (3d Cir.2008).

In response to GLI's declaratory judgment action, RAIDERS filed a counterclaim that included causes of action arising under Pennsylvania's bad faith statutes, 42 Pa. C.S.A. §8371 and 73 P.S. §201-1 *et seq*. ECF No. 5. In reliance on the Policy's choice of law clause, GLI filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) to have the prohibited Pennsylvania state law claims dismissed. ECF No. 19. Following the submission of no less than thirteen separate memoranda of law debating the validity of GLI's choice of law clause, the district court issued its order dismissing the Pennsylvania state law claims asserted

**Great Lakes Insurance SE v. Raiders Retreat Realty, LLC**
**DOCKET NO. 21-1562**

by RAIDERS.  ECF No. 51.  Following the denial of RAIDERS' Motion to Alter or Amend Judgment under Fed. R. Civ. P. 54, this appeal was filed.  ECF No. 55 and ECF No. 59.

## ARGUMENT AND CITATION TO AUTHORITY

The Courts of Appeal have jurisdiction to hear appeals in admiralty matters from decisions of the district courts "determining the rights and liabilities of the parties."  28 U.S.C. §1292(a)(3).  This includes decisions of the district courts granting motions to dismiss for judgment on the pleadings and for failure to state a claim upon which relief can be granted.[1]

For instance, in 1983, the Fifth Circuit Court of Appeals considered this question in an admiralty case arising out of a cargo vessel which struck a sunken barge.  *Nunley v. M/V Dauntless Colocotronis*, 696 F.2d 1141 (5th Cir.1983).  Following the assertion of tort claims by the owner of the cargo vessel, the barge owner and the United States both moved for judgment on the pleadings under Fed. R. Civ. P. 12(c).  *Id*, at 1142.  The district court granted the motion for judgment on the pleadings and the plaintiff appealed under 28 U.S.C. §1292(a)(3).  *Id*.  The Fifth Circuit considered the appeal and reversed the judgment of the district court.  *Id*.

---

[1] Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(c) are judged by the same standard.  Both accept all well pleaded facts as true, and both test the legal sufficiency of the pleadings.  *Muth v. Woodring*, 755 Fed.Appx. 109, 112 (3d Cir.2018), *Gebhart v. Steffen*, 574 Fed. Appx. 156, 158 (3d Cir.2014).

**Great Lakes Insurance SE v. Raiders Retreat Realty, LLC**
**DOCKET NO. 21-1562**

Similarly, in 1997, the Ninth Circuit Court of Appeals considered an interlocutory appeal in the case of *Chan v. Society Expeditions, Inc.*, 123 F.3d 1287 (9th Cir.1997). *Chan* arose out of an accident in which cruise ship passengers were thrown from their ferry and drowned. *Id*, at 1289. Although the cruise ship was Liberian flagged, the passenger ticket contained a choice of law clause calling for the application of federal admiralty law. *Id*. Based on the choice of law clause, the claimants filed various actions, including an *in rem* action based on federal admiralty law. *Id*, at 1290. However, the vessel and its owners moved to dismiss based on Liberian law. *Id*. The district court granted the motion to dismiss, and the claimants filed an immediate interlocutory appeal under 28 U.S.C. §1292(a)(3). *Id* (fn. 3). The Ninth Circuit Court of Appeals heard the appeal and reversed the district court's dismissal of the *in rem* claims arising under federal admiralty law. *Id*.

In 2005, the Third Circuit considered an interlocutory appeal arising out of tort suit against the owner of a tug and involving an injured seaman. *In re McAllister Towing and Transp. Co., Inc.*, 432 F.3d 216, 2006 A.M.C. 45 (3d Cir.2005). Once the injured seaman brought suit, the defendant brought third-party claims against several other parties, including the United States. *Id*, at 218. The United States moved for judgment on the pleadings under Fed.R.Civ.P. 12(c) based on the provisions of the Federal Employees' Compensation Act, which immunized

the United States from certain tort claims by its employees. *Id*, 218-19. The district court granted the 12(c) motion and the third-party plaintiff filed an immediate interlocutory appeal under 28 U.S.C. §1292(a)(3). *Id*, at 219. The Third Circuit considered the appeal and affirmed the district court's decision dismissing the claims against the United States. *Id*, at 226.

These cases establish that a decision of a district court granting a motion under either Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c) "determin[es] the rights and liabilities of the parties" within the meaning of 28 U.S.C. §1292(a)(3). Therefore, this Court may properly exercise jurisdiction and this interlocutory appeal may proceed.

Dated:   April 1, 2021

| | |
|---|---|
| MICHAEL I. GOLDMAN, ESQ.<br>Goldman & Hellman<br>233 Harvard Street<br>Suite 211<br>Brookline, MA 02446<br>Cel (617)671-8675<br>Fax (617)566-4292<br>Em michael@goldmanandhellman.com<br><br>By: _____<br>MICHAEL I. GOLDMAN<br>MA Bar No. 677362 | GEORGE R. ZACHARKOW, ESQ.<br>Deasey, Mahoney & Valentini, Ltd.<br>1601 Market Street<br>Suite 3400<br>Philadelphia, PA 19103<br>Tel (215) 587-9400<br>Fax (215) 587-9456<br>Em gzacharkow@DMVLawFirm.com<br><br>By:   /s/ George R. Zacharkow<br>GEORGE R. ZACHARKOW<br>PA Bar No. 32816 |

**<u>Great Lakes Insurance SE v. Raiders Retreat Realty, LLC</u>**
**<u>DOCKET NO. 21-1562</u>**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 1, 2021 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

| | |
|---|---|
| MICHAEL I. GOLDMAN, ESQ. | GEORGE R. ZACHARKOW, ESQ. |
| Goldman & Hellman | Deasey, Mahoney & Valentini, Ltd. |
| 233 Harvard Street | 1601 Market Street |
| Suite 211 | Suite 3400 |
| Brookline, MA 02446 | Philadelphia, PA 19103 |
| Cel (617)671-8675 | Tel (215) 587-9400 |
| Fax (617)566-4292 | Fax (215) 587-9456 |
| Em michael@goldmanandhellman.com | Em Zacharkow@DMVLawFirm.com |
| | |
| By: _____ | By:   /s/ George R. Zacharkow        |
| MICHAEL I. GOLDMAN | GEORGE R. ZACHARKOW |
| MA Bar No. 677362 | PA Bar No. 32816 |