# In the United States Court of Appeals for the Third Circuit

No. 21–1562

---

GREAT LAKES INSURANCE SE

v.

RAIDERS RETREAT REALTY CO., LLC,
Appellant

---

On Appeal from the Orders of the U.S. District Court for the Eastern District of Pennsylvania, No. 2:19-cv-04466-ER, Determining the Rights and Liabilities of the Parties to this Admiralty Case

---

RESPONSE OF DEFENDANT/APPELLANT RAIDERS RETREAT TO THIS COURT'S ORDER DIRECTING THE PARTIES TO ADDRESS WHETHER APPELLATE JURISDICTION EXISTS TO REVIEW THE DISTRICT COURT'S INTERLOCUTORY ORDERS

---

Howard J. Bashman
2300 Computer Avenue
Suite G–22
Willow Grove, PA 19090
(215) 830–1458

Michael Yanoff
Shawn M. Rodgers
GOLDSTEIN LAW PARTNERS, LLC
610 Old York Road, Suite 340
Jenkintown, PA 19046
(267) 627–2485

Counsel for defendant/appellant

# TABLE OF CONTENTS

                                                                                            **Page**

I. INTRODUCTION .................................................................................1

II. RELEVANT FACTUAL AND PROCEDURAL HISTORY....................2

III. THIS COURT HAS APPELLATE JURISDICTION OVER THE INTERLOCUTORY ORDERS APPEALED FROM PURSUANT TO 28 U.S.C. §1292(a)(3) ...................................................................4

   A. The Orders Appealed From Conclusively Determined The Rights And Liabilities Of The Parties To This Admiralty Case.............4

   B. Raiders Retreat's Remaining Counterclaims Do Not Offer The Types Of Extra-Contractual Relief That The Dismissed Claims Allow Under Pennsylvania Law .............................................................8

   C. Plaintiff-Appellee Great Lakes Has Correctly Acknowledged The Existence Of Appellate Jurisdiction Over This Appeal Pursuant To §1292(a)(3) In Its Already-Filed Response......................11

IV. CONCLUSION...................................................................................12

# TABLE OF AUTHORITIES

Page

**Cases**

*Chem One, Ltd.* v. *M/V RICKMERS GENOA*, 660 F.3d 626 (2d Cir. 2011) ........9

*Francis* v. *Forest Oil Corp.*, 798 F.2d 147 (5th Cir. 1986) (per curiam) ...............7

*In re Complaint of PMD Enterprises, Inc.*, 301 F.3d 147 (3d Cir. 2002) ...........6, 8

*Kingstate Oil* v. *M/V Green Star*, 815 F.2d 918 (3d Cir. 1987) ......................5, 6, 8

*Martha's Vineyard Scuba Headquarters, Inc.* v. *Unidentified,
    Wrecked and Abandoned Steam Vessel*, 833 F.2d 1059 (1st Cir. 1987)........7

*SCF Waxler Marine, L.L.C.* v. *ARIS T M/V*, 902 F.3d 461 (5th Cir. 2018) ..........7

*Sea Lane Bahamas Ltd.* v. *Europa Cruises Corp.*,
    188 F.3d 1317 (11th Cir. 1999) ...................................................................8

*Thypin Steel Co.* v. *Asoma Corp.*, 215 F.3d 273 (2d Cir. 2000) ............................9

*Viener* v. *Jacobs*, 834 A.2d 546 (Pa. Super. Ct. 2003) .........................................10

**Statutes**

42 Pa. Cons. Stat. Ann. §8371 ................................................................3, 10

73 Pa. Stat. Ann. §201–1, *et seq.* ..............................................................3

73 Pa. Stat. Ann. §201–9.2 .......................................................................10

28 U.S.C. §1292 .......................................................................................11

28 U.S.C. §1292(a)(3) ..................................................................................1, 4, 5, 7–12

28 U.S.C. §1292(b) ........................................................................................................4

28 U.S.C. §1333 .............................................................................................................2

## Court Rules

Fed. R. Civ. P. 12(c) .............................................................................................1, 3, 4

Fed. R. Civ. P. 13(a)(1)(A) .........................................................................................3

Fed. R. Civ. P. 54(b) ....................................................................................................4

## Other Authorities

2 Thomas J. Schoenbaum, *Admiralty and Maritime Law* (3d ed. 2001) .............6

## I. INTRODUCTION

Defendant–appellant Raiders Retreat Realty Co., LLC appeals from the district court's order dismissing, pursuant to Federal Rule of Civil Procedure 12(c), three of Raiders Retreat's counterclaims against plaintiff–appellee Great Lakes Insurance SE in this admiralty jurisdiction case.

This Court possesses appellate jurisdiction over this appeal pursuant to 28 U.S.C. §1292(a)(3), which states in pertinent part that "the courts of appeals shall have jurisdiction of appeals from . . . (3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed."

Great Lakes filed its response to this Court's jurisdictional query order on April 1, 2021, and in its response Great Lakes agreed, based on the authorities cited in that response, that this Court possesses appellate jurisdiction over this appeal pursuant to §1292(a)(3). Raiders Retreat, the appellant herein, likewise agrees that appellate jurisdiction exists for the reasons stated, and based on the authorities cited, below.

Accordingly, the Court should permit this appeal to proceed to a decision on the merits.

## II. RELEVANT FACTUAL AND PROCEDURAL HISTORY

Plaintiff Great Lakes is a marine insurance company headquartered in London, United Kingdom. Great Lakes initiated this matter by filing a Complaint for Declaratory Judgment in the U.S. District Court for the Eastern District of Pennsylvania after receiving a claim for insurance coverage from its insured, defendant Raiders Retreat. The district court possesses subject matter jurisdiction over Great Lake's suit pursuant to 28 U.S.C. §1333 because it constitutes a "civil case of admiralty or maritime jurisdiction . . . ."

Raiders Retreat sought insurance coverage from Great Lakes for the damages and losses sustained as the result of the grounding of a yacht that Raiders Retreat had insured against such risks with Great Lakes. Great Lakes proceeded to disclaim coverage based on its assertion that the yacht's fire suppression systems differed from the requirements that the parties had supposedly agreed on, even though the yacht's grounding and the damages and losses resulting therefrom were in no way caused by a fire or any supposed deficiencies in the boat's fire suppression systems.

In response to Great Lake's suit, Raiders Retreat asserted five compulsory counterclaims under Federal Rule of Civil Procedure

13(a)(1)(A) (describing as compulsory those counterclaims "aris[ing] out of the transaction or occurrence that is the subject matter of the opposing party's claim"). Raiders Retreat's first two counterclaims were contractual in nature, for breach of contract (Count I) and breach of the implied covenant of good faith and fair dealing (Count II).

The remaining three counterclaims sought extra-contractual relief available against insurance companies under Pennsylvania law. Raiders Retreat negotiated, purchased, paid for, and received the insurance policy in question in Pennsylvania from a Pennsylvania-based insurance broker for Great Lakes. Count III alleged breach of fiduciary duty. Count IV alleged insurance bad faith pursuant to 42 Pa. Cons. Stat. Ann. §8371. And Count V alleged violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. §201–1, *et seq.*

Great Lakes in due course filed a Rule 12(c) motion to dismiss Counts III through V of Raiders Retreat's counterclaims, the counts that sought extra-contractual relief under Pennsylvania law. Great Lakes asserted that dismissal was necessary because the insurance agreement specified that it would be governed by federal maritime law and New York State law,

neither of which permitted the recovery sought in Counts III through V of Raiders Retreat's counterclaims.

After extensive briefing and oral argument, the district court granted Great Lakes' Rule 12(c) motion and dismissed Counts III through V of Raiders Retreat's counterclaims without leave to amend. Raiders Retreat filed a timely motion for reconsideration, which the district court promptly denied. Raiders Retreat then filed a timely notice of appeal from both of the district court's orders. The notice of appeal expressly stated that this Court's jurisdiction was invoked pursuant to 28 U.S.C. §1292(a)(3).

## III. THIS COURT HAS APPELLATE JURISDICTION OVER THE INTERLOCUTORY ORDERS APPEALED FROM PURSUANT TO 28 U.S.C. §1292(a)(3)

### A. The Orders Appealed From Conclusively Determined The Rights And Liabilities Of The Parties To This Admiralty Case

This Court's order instructing the parties to address the basis for jurisdiction over Raiders Retreat's appeal correctly notes that the appeal is from interlocutory orders that the district court neither certified as final under Federal Rule of Civil Procedure 54(b) nor granted permission to appeal pursuant to 28 U.S.C. §1292(b). As Raiders Retreat expressly stated

in its notice of appeal, this Court possesses jurisdiction over this appeal pursuant to 28 U.S.C. §1292(a)(3).

Section 1292(a)(3) provides in pertinent part:

> (a) [T]he courts of appeals shall have jurisdiction of appeals from:
>
> (3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed.

*Id.*

Judge Ruggero J. Aldisert construed §1292(a)(3) in his opinion for this Court in *Kingstate Oil* v. *M/V Green Star*, 815 F.2d 918 (3d Cir. 1987). Therein, Judge Aldisert explained, "To be appealable under section 1292(a)(3), an order in admiralty need not determine all rights and liabilities of all parties. Case law indicates, however, that the order appealed from must conclusively determine the merits of a claim or defense." *Id.* at 921 (citations omitted).

Here, as explained above, the orders appealed from conclusively determined the merits of three of Raiders Retreat's counterclaims. As a result, Raiders Retreat can no longer recover any of the unique forms of relief that were available to it only under those counterclaims.

More recently, in *In re Complaint of PMD Enterprises, Inc.*, 301 F.3d 147 (3d Cir. 2002), this Court explained:

> Our case law on interlocutory appeals in admiralty establishes that the language of §1292(a)(3) regarding a final determination of rights and liabilities applies to situations such as the dismissal of parties from the litigation, grants of summary judgment (even if not to all parties), and other cases where a claim has somehow been terminated.

*Id.* at 149. Judge Sloviter's opinion for the Court also quoted with approval from the treatise 2 Thomas J. Schoenbaum, *Admiralty and Maritime Law* §21–12, at 559 (3d ed. 2001), for the proposition that "The purpose of [§1292(a)(3)] is to allow a party found liable in an admiralty proceeding to take an immediate appeal without submitting to a protracted trial of the damage issues, but the procedure is also fully applicable when a claim against one or more parties is dismissed on the merits."

This Court's rulings in *Kingstate Oil* and *PMD Enterprises* are binding precedents establishing the existence of interlocutory appellate jurisdiction over this appeal, because the district court's interlocutory order dismissed three of Raiders Retreat's counterclaims, and the unique relief those counterclaims would have provided is no longer available to Raiders Retreat in the district court.

Although this Court need not look beyond its own case law to determine that jurisdiction exists over this appeal pursuant to §1292(a)(3), decisions from the First, Fifth, and Eleventh Circuits also confirm that appellate jurisdiction exists here.

Construing when appellate jurisdiction exists over an interlocutory order pursuant to §1292(a)(3) in *Martha's Vineyard Scuba Headquarters, Inc._ v. *Unidentified, Wrecked and Abandoned Steam Vessel*, 833 F.2d 1059, 1064 (1st Cir. 1987), Judge Selya explained that "[i]t suffices that the order conclusively lashes down the merits of some particular claim or defense."

The Fifth Circuit, a jurisdiction with a notable maritime law history, observed when construing §1292(a)(3) in *SCF Waxler Marine, L.L.C.* v. *ARIS T M/V*, 902 F.3d 461, 464–65 (5th Cir. 2018) (internal quotations omitted), that "[w]e have clarified that appellate jurisdiction is generally appropriate whenever an order in an admiralty case dismisses a claim for relief on the merits." To remove any doubt, the opinion proceeded to explain that "the heartland of this court's jurisdiction over an interlocutory appeal under §1292(a)(3) is a conclusive determination of the rights and liabilities as to the claim on appeal." *Id.* at 465. *See also Francis* v. *Forest Oil Corp.*, 798 F.2d 147, 149 (5th Cir. 1986) (per curiam) ("this Court has permitted appeals

under section 1292(a)(3) from orders dismissing on the merits only one of several separate claims for relief").

And the Eleventh Circuit, in *Sea Lane Bahamas Ltd.* v. *Europa Cruises Corp.*, 188 F.3d 1317, 1321 (11th Cir. 1999), recognized that, "[a]s a general rule, a district court's order resolving one or more claims on the merits is appealable under §1292(a)(3), irrespective of any claims that remain pending."

For these reasons, in accordance with this Court's rulings in *Kingstate Oil* and *PMD Enterprises* and the rulings of the First, Fifth, and Eleventh Circuits discussed above, this Court possesses appellate jurisdiction over this appeal pursuant to 28 U.S.C. §1292(a)(3).

### B. Raiders Retreat's Remaining Counterclaims Do Not Offer The Types Of Extra–Contractual Relief That The Dismissed Claims Allow Under Pennsylvania Law

In deciding whether appellate jurisdiction exists under 28 U.S.C. §1292(a)(3) over an interlocutory order dismissing fewer than all of a party's claims, some federal appellate courts consider whether the claims that remain could still afford the same relief as the claims that have been dismissed. If so, those courts have declined to exercise interlocutory

appellate jurisdiction over an order dismissing fewer than all such claims. *See*, *e.g.*, *Thypin Steel Co.* v. *Asoma Corp.*, 215 F.3d 273, 279–80 (2d Cir. 2000).[*]

As demonstrated in the preceding subsection of this response, this Court has not adopted that restrictive view of appellate jurisdiction under §1292(a)(3). But even if this Court somehow could apply that inappropriately restrictive approach in this case, appellate jurisdiction would still exist over Raiders Retreat's appeal pursuant to §1292(a)(3), because each of the dismissed counterclaims would afford extra-contractual relief of a sort entirely unavailable even if Raiders Retreat were to prevail on its two remaining contract-based counterclaims against Great Lakes.

To begin with, regardless of what law applies, damages available for breach of contract ordinarily do not include punitive damages, double or treble damages, or attorneys' fees (unless the contract expressly provided for them, which the insurance contract at issue here does not).

---

[*] Interestingly, the Second Circuit has more recently rejected as dicta the limited approach to appellate jurisdiction under §1292(a)(3) expressed in *Thypin*, *see Chem One, Ltd.* v. *M/V RICKMERS GENOA*, 660 F.3d 626, 640–41 (2d Cir. 2011), and has aligned itself more closely with this Court's approach in *In re Complaint of PMD*.

By contrast, under Pennsylvania law, punitive damages are available as a remedy for breach of fiduciary duty, *see Viener* v. *Jacobs*, 834 A.2d 546, 561 (Pa. Super. Ct. 2003), and Raiders Retreat expressly requested punitive damages in its prayer for relief in Count III of its counterclaim.

Similarly, Pennsylvania's insurance bad faith statute, codified at 42 Pa. Cons. Stat. Ann. §8371, allows a prevailing claimant to recover punitive damages, attorneys' fees, and an increased rate of interest on the amount of the claim. Raiders Retreat requested all three of these types of recovery in its prayer for relief in Count IV of its counterclaim.

Finally, the private action provision of Pennsylvania's Unfair Trade Practices and Consumer Protection Law allows the trial court to award the claimant up to treble damages. *See* 73 Pa. Stat. Ann. §201–9.2. Raiders Retreat requested treble damages in Count V of its counterclaim.

Accordingly, even were this Court inclined to disallow an interlocutory appeal under §1292(a)(3) where the remaining claims of the party seeking an appeal could afford complete relief, this appeal would nevertheless qualify to proceed to resolution on its merits.

**C.   Plaintiff–Appellee Great Lakes Has Correctly Acknowledged The Existence Of Appellate Jurisdiction Over This Appeal Pursuant To §1292(a)(3) In Its Already–Filed Response**

Plaintiff–appellee Great Lakes has agreed in its response filed on April 1, 2021 to this Court's jurisdictional inquiry order that appellate jurisdiction exists over Raiders Retreat's appeal pursuant to 28 U.S.C. §1292(a)(3). This is thus the rare case in which both the appellant and the appellee in an interlocutory appeal pursuant to a provision of 28 U.S.C. §1292 agree that the appeal should proceed to a resolution on the merits.

Although the parties to an appeal cannot confer appellate jurisdiction on this Court where it does not otherwise exist, the opposing parties to this appeal have both concluded, based on the factual and procedural posture of this case and their review of relevant legal authorities, that interlocutory appellate jurisdiction over this appeal is proper under §1292(a)(3).

The parties will no doubt sharply contest the resolution of this appeal on the merits. But both appellant Raiders Retreat and appellee Great Lakes agree that this Court possesses appellate jurisdiction over this appeal pursuant to 28 U.S.C. §1292(a)(3). Based on the authorities that the parties have cited, this Court should reach the same conclusion — namely, that appellate jurisdiction exists here.

## IV. CONCLUSION

For the reasons set forth above, appellate jurisdiction over this interlocutory appeal in this admiralty case exists pursuant to 28 U.S.C. §1292(a)(3). The Court should therefore allow this appeal to proceed to a resolution on its merits.

Respectfully submitted,

Dated: April 8, 2021

/s/ *Howard J. Bashman*
Howard J. Bashman
2300 Computer Avenue
Suite G–22
Willow Grove, PA 19090
(215) 830–1458

Michael Yanoff
Shawn M. Rodgers
GOLDSTEIN LAW PARTNERS, LLC
610 Old York Road, Suite 340
Jenkintown, PA 19046
(267) 627–2485

Counsel for defendant/appellant

## CERTIFICATE OF SERVICE

I hereby certify that all counsel listed immediately below on this Certificate of Service are Filing Users of the Third Circuit's CM/ECF system, and this document is being served electronically on them by the Notice of Docket Activity:

Michael Yanoff

George R. Zacharkow

Shawn M. Rodgers

Dated: April 8, 2021             /s/ *Howard J. Bashman*
                                  Howard J. Bashman